IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT D. BLAUROCK,

                          Plaintiff,

                                              CIVIL ACTION
              vs.                             No. 08-3115-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

                          Defendants.


ORDER

     This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by an inmate confined in a Kansas correctional facility.  Having reviewed the record, the court grants plaintiff's motion for leave to proceed in forma pauperis.[1]

     Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon

_____

[1]Plaintiff paid the initial partial filing fee assessed by the court, and has made subsequent payments totaling the full $350.00 district court filing fee.  Accordingly, no further collection under 28 U.S.C. § 1915(b)(2) of the district court filing fee in this matter is required.

which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). *See* <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying <u>Twombly</u> standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

In the present case, plaintiff states he arrived at the Ellsworth Correctional Facility (ECF) on May 10, 2007, and was moved to protective custody following a confrontation with white gang members (ASATRU) the next day. He returned to general population on May 14, with minor disputes with ASATRU occurring daily until May 17, 2007, when he was attacked by ASATRU inmates when the door to his cell was left open. Plaintiff further claims prison staff did not take action to stop the attack, or check on his welfare for twelve hours. Plaintiff states he suffered serious head and neck injuries for which he was examined but no adequate or requested treatment was provided at ECF. Shortly thereafter, plaintiff was transferred to the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas.

Plaintiff alleges the attack on him resulted from prison

staff's failure to follow security procedures in securing the cellhouse pod or stopping the attack, and claims inattention to his medical needs.   Plaintiff names the following defendants in both their individual and official capacities:  the Kansas Department of Corrections (KDOC); KDOC Secretary Roger Werholtz; ECF Warden Sam Cline; ECF Officers Barsilla, Jefferson, Stroede and the "John Doe" Officer on duty at the time plaintiff was attacked; and inmate Geoffrey Crozier who participated in the attack.  Having reviewed the complaint, the court finds it is subject to being summarily dismissed because plaintiff's allegations fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

To allege a valid claim under 42 U.S.C. § 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). Plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights.  <u>Jenkins v. Wood</u>, 81 F.3d 988, 994-95 (10th Cir. 1996).

*Acting Under Color of State Law*

The court first finds plaintiff's allegations against inmate Crozier are subject to being summarily dismissed because plaintiff provides no factual basis for finding this defendant was a person "acting under color of state law" for the purpose of stating a claim for relief under 42 U.S.C. § 1983.  *See* <u>Barnard v. Young</u>, 720 F.2d 1188, 1188-90 (10th Cir. 1983)("A prerequisite to any relief under § 1983 is that the defendant has acted under color of state law.").

*See* <u>Beedle v. Wilson</u>, 422 F.3d 1059, 1071 (10th Cir. 2005)(private actor can be held liable under § 1983 only if she was a "willful participant in joint action with the State or its agents")(*quoting* <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980)).

 *Immunity*

 Next, the court finds plaintiff's claims for damages against KDOC, and against any state official in their official capacity, are barred by the Eleventh Amendment. *See* <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978)(absent consent, Eleventh Amendment bars suit against a state or state agency); <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985)(Eleventh Amendment immunity protects state officials sued for damages in their official capacity). Also, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989).

 *Eighth Amendment - Duty to Protect*

 Prison officials are constitutionally required to "take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quotations omitted). This duty includes protection of a prisoner from violence at the hands of other prisoners. <u>Id</u>. at 833. "The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows defendants acted with 'wanton or obdurate disregard for or deliberate indifference to' the protection of prisoners' lives." <u>Rider v. Werholtz</u>, 548 F. Supp. 2d 1188, 1195 (D. Kan. 2008)(*citing*

4

<u>Harris v. Maynard</u>, 843 F.2d 414, 416 (10th Cir. 1988) *and* <u>Northington v. Jackson</u>, 973 F.2d 1518, 1525 (10th Cir. 1992)). "Deliberate indifference" requires both an objective showing of harm sufficiently serious enough to implicate the Eighth Amendment, <u>Verdecia v. Adams</u>, 327 F.3d 1171, 1175 (10th Cir. 2003), and a subjective showing that prison officials knew of disregarded an excessive risk to a prisoner's health or safety, <u>Farmer</u>, 511 U.S. at 837. More than simple or heightened negligence must be demonstrated. <u>Verdecia</u>, 327 F.3d at 1175 (citations omitted).

In the present case, even if it were assumed plaintiff's injuries were objectively sufficient to implicate the Eighth Amendment, the necessary subjective component is not satisfied. Plaintiff's allegations are insufficient to establish a plausible finding that any KDOC defendant disregarded a known or obvious risk that plaintiff would be assaulted by other prisoners in plaintiff's cell.

Additionally, plaintiff alleges no personal participation by Secretary Werholtz or Warden Cline. It is well established that "[i]ndividual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation." <u>Fogarty v. Gallegos</u>, 523 F.3d 1147 (10th Cir. 2008)(*quoting* <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997)). *See also* <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a § 1983 claim.") (*quoting* <u>Bennett v. Passic</u>, 545 F.2d 1260, 1262-63 (10th Cir. 1976)). Nor may plaintiff rely on the doctrine of respondeat

5

superior to hold a defendant liable by virtue of the defendant's supervisory position.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).

Plaintiff identifies ECF Officers Barsilla, Jefferson, and Stroede only as officers who interviewed plaintiff *after* the assault had occurred,[2] and alleges no disregard of any prior knowledge by these officers or the "John Doe" officer in charge of plaintiff's cellhouse that plaintiff would be at risk of serious harm in his cell.  Further, to the extent plaintiff points to negligence and inattention by ECF staff to security protocols as the reason for his injuries, no claim of constitutional significance is stated for the purpose of proceeding under 42 U.S.C. § 1983.  *See* <u>Farmer</u>, 511 U.S. at 835 ("deliberate indifference describes a state of mind more blameworthy than negligence"); <u>Smith v. Cummings</u>, 445 F.3d 1254, 1258 (10th Cir. 2006)("[M]ere negligence does not constitute deliberate indifference").  "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation."  <u>Tafoya v. Salazar</u>, 516 F.3d 912, 916 (10th Cir. 2008)(*citing* <u>Farmer</u>, 511 U.S. at 844).

*Eighth Amendment - Medical Care*

Although the complaint appears focused on plaintiff being

---

[2]Plaintiff documents an administrative segregation review on May 18, 2007, signed by Warden Cline and Officers Barsilla, Jefferson, and Stroede.  The reviewing board states that plaintiff was "[b]attered by inmate Crozier in his cell.  The ASATRU have targeted him because of his sex offense.  Recommend remain in seg and look into transfer."

assaulted by other prisoners, rather than on the denial of medical care at ECF for plaintiff's injuries, the court finds plaintiff's allegations of delayed and inadequate medical treatment are insufficient to state an actionable claim against any of the named defendants.   No named defendant is identified as personally participating in the medical care provided to plaintiff at ECF, and other than injuries sustained in the assault itself, plaintiff points to no substantial harm resulting from delayed medical examination and treatment.[3]  *See* White v. State of Colo., 82 F.3d 364, 366-67 (10th Cir. 1996)(a showing of substantial harm resulting from delayed medical treatment is required to state an Eighth Amendment claim of deliberate indifference to serious medical needs).

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.   *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").   The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

---

[3]Plaintiff filed a separate action naming HCF defendants, and alleging deliberate indifference to his health and medical needs at the Hutchinson facility.   *See* Blaurock v. Kansas Dept. of Corrections, D.Kan. Case No. 08-3116-SAC.

Plaintiff's motion for appointment of counsel is denied without prejudice.  Plaintiff has no right to the assistance of counsel in this civil action, <u>Durre v. Dempsey</u>, 869 F.2d 543, 647 (10th Cir. 1989), and the court finds the facts and legal issues associated with plaintiff's claims do not warrant the appointment of counsel at this time.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with no further collection of the remainder of the $350.00 district court filing fee, as authorized by 28 U.S.C. § 1915(b)(2), is required.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 18th day of November 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

8